**Diana HOLMES, Plaintiff—Appellant,**

v.

**Marvin T. RUNYON, Postmaster General, Defendant— Appellee.**

No. 00–15970.

D.C. No. CV–97–01146–GGH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 16, 2002.

Decided Jan. 31, 2002.

Before GOODWIN, NOONAN, and TROTT, Circuit Judges.

MEMORANDUM *

Diana Holmes appeals the district court's partial summary judgment and post-trial judgment of her hostile work environment claims under Title VII and the Rehabilitation Act. First, she argues that the district court erred in granting partial summary judgment on her claim to enforce the recommended decision of the Equal Employment Opportunity Commission (EEOC) administrative law judge. Holmes claims that the Postmaster General ("Postmaster") did not timely reject the recommended decision and that therefore the recommended decision became binding on the Postmaster pursuant to 29 C.F.R. § 1614.109(g). This argument is without merit, because both parties agree that the Postmaster issued its rejection within sixty days of its receipt of the findings and conclusions that were sent by the EEOC administrative law judge.

██ Second, Holmes challenges the district court's interpretation of the intent standard in Title VII hostile work environment cases, claiming that the intent of her harassers is irrelevant. However, the district court correctly held that Holmes must show she was harassed *on the basis of* her sex, and not merely for other personal motivations that are not related to her membership in a protected class. The Supreme Court has held that a plaintiff seeking to show sexual harassment "must always prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted *'discriminat[ion]* ... because of ... sex.'" *Oncale v. Sundowner Offshore Services, Inc.,* 523 U.S. 75, 81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998).

██ Next, Holmes challenges the district court's finding that post office man-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

agement neither knew nor should have known that Holmes was being harassed by her co-workers on the basis of her race. The district court's findings of fact are subject to clearly erroneous review, and because the factual findings are based on credibility determinations, we give them "even greater deference." *Nichols v. Azteca Restaurant Enter., Inc.,* 256 F.3d 864, 871 (9th Cir.2001). The district court did not clearly err in finding that the Postmaster's witnesses were more credible that Holmes' witnesses, and in finding that the evidence as a whole weighed in favor of the Postmaster's position.

Finally, Holmes asserts that the district court erred in relying on evidence that had been excluded by a motion in limine, but raises this argument for the first time in her reply brief. It is well established that an appellant cannot raise an issue for the first time in a reply brief. *United States v. Montoya,* 45 F.3d 1286, 1300 (9th Cir.) (issues not raised and argued in the opening brief are deemed waived), *cert. denied,* 516 U.S. 814, 116 S.Ct. 67, 133 L.Ed.2d 29 (1995). The only exception is when the appellee has briefed the issue so that it is fully developed, *see Eberle v. City of Anaheim,* 901 F.2d 814, 818 (9th Cir.1990), but that is not the case here. Because neither the opening nor the answering brief debated whether the judge improperly relied on evidence that had been excluded by a motion in limine, this issue is waived.

**AFFIRMED.**